UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA S. HODGSON,

                              Plaintiff,

      - v -                                             9:22-CV-275
                                                         (LEK/DJS)

WILLIS WOOD, *et al.*,

                              Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

JOSHUA S. HODGSON
Plaintiff, *Pro Se*
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

MURPHY BURNS LLP                  THOMAS K. MURPHY, ESQ.
Attorney for Defendants
407 Albany Shaker Road
Loundonville, New York 12211

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at the Fulton County Jail. *See* Dkt. No. 1, Compl. Defendants have now filed a Motion for

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c)

- 1 -

Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint in its entirety. Dkt. No. 19. Plaintiff's response to the Motion was originally due April 24, 2023. *See* Dkt. No. 21. Plaintiff requested an extension of time to respond, Dkt. No. 23, and the Court granted an extension to May 24, 2023. Dkt. No. 24. Plaintiff then requested a second extension to respond and the Court reset the response deadline to June 27, 2023. Dkt. Nos. 25 & 26. Plaintiff did not respond by that date and the Court *sua sponte* reset the deadline a third time, directing Plaintiff to respond by October 6, 2023, and providing renewed warnings about the consequences of not responding. Dkt. No. 28. To date, Plaintiff has not responded to the Motion.

Defendants seek summary judgment on two grounds: 1) the purported preclusive effect of certain criminal proceedings involving Plaintiff and 2) the merits of the claims. *See generally* Dkt. No. 19-3, Defs.' Mem. of Law. For the reasons that follow, the Court recommends Defendants' Motion for Summary Judgment be **GRANTED** on the merits.

## I. BACKGROUND

On October 28, 2020, Plaintiff was incarcerated in the Fulton County Jail as a result of a parole violation. Compl. at p. 4; Dkt. No. 19-6, Pl.'s Dep., p. 6.[2] On that date, Plaintiff was scheduled for a medical visit outside the facility. Dkt. No. 19-9, Siegle Aff., ¶ 2. Defendants Siegle and Blake were assigned to transport Plaintiff to that appointment.

---

[2] Citations are to the page numbers provided by the Court's CM/ECF system.

*Id.*; Dkt. No. 19-10, Blake Aff., ¶ 2. Siegle and Blake secured Plaintiff for transport using handcuffs and leg shackles in the Jail's holding cell area. Siegle Aff. at ¶ 2; Blake Aff. at ¶ 3. Those officers, along with Defendant Wood, left the holding cell for an area known as the sally port where the transport van was parked. Siegle Aff. at ¶ 3; Blake Aff. at ¶ 4; Dkt. No. 19-8, Wood Aff., ¶ 3. Most of the escort inside the sally port was captured on surveillance video. Dkt. No. 19-7, Video.

Upon entering the sally port, Siegle went to the facility weapons station to obtain a firearm for the transport. Siegle Aff. at ¶ 4. After obtaining a weapon, Siegle proceeded to enter the van in the driver's seat. *Id.* at ¶¶ 5-6. Blake and Wood escorted Plaintiff to the transport van. Blake Aff. at ¶¶ 5-6; Wood Aff., ¶ 4; Video at 00:12-00:40. Plaintiff was seated in the van without incident. Video at 00:33-00:43; Pl.'s Dep. at pp. 22-23. Blake and Wood walked away from the van. Video at 00:43-00:48. Blake then proceeded to obtain a firearm. Blake Aff. at ¶ 6.

A few seconds after leaving the van, Defendant Wood approached it again. Video at 00:54-1:00. Wood maintains that he returned to the van to fasten Plaintiff's seatbelt, but that Plaintiff refused to permit him to do so. Wood Aff. at ¶¶ 6-8. Plaintiff claims that upon arriving back at the van Wood confronted him about grievances he had filed. Pl.'s Dep. at pp. 24 & 26. He claims that it was then that Wood punched him, delivering "three or four blows to [Plaintiff's] right rib cage" in what Plaintiff described as "rapid blows." Pl.'s Dep. at pp. 28-29. Wood then left the van, but Plaintiff testified that Wood

returned and punched him again. *Id.* at p. 34. The video shows Wood leaving the sally port and Blake entering the transport van, which then proceeded to leave the facility. Video at 1:17-2:00.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.. Ltd.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants seek summary judgment arguing that Plaintiff's excessive force claim is procedurally barred and that dismissal on the merits with respect to all claims is

appropriate. Defs.' Mem. of Law at pp. 3-10. For the reasons which follow, the Court recommends dismissing all claims on the merits.

## A. Excessive Force Claim against Defendant Wood

*1. Heck Bar*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Defendants claim that this claim is barred as a result of subsequent charges brought against Plaintiff. Defs.' Mem. of Law at pp. 6-7. The Court recommends that this is not a basis for summary judgment.

Plaintiff filed a grievance the day after the alleged assault by Defendant Wood which was investigated. Dkt. No. 19-5 at pp. 22-27. Plaintiff ultimately gave a sworn statement to an investigator with the Fulton County Sheriff's Department stating that he was assaulted by Wood. *Id.* at pp. 20-21. Investigators eventually concluded that no assault occurred and Plaintiff was charged with making a false written statement and falsely reporting an incident to law enforcement, both misdemeanors. *Id.* at pp. 10-11. In an unrelated matter, charges were also brought against Plaintiff for possession of prison

contraband. *See id.* at p. 1. Plaintiff pled guilty to that charge. *Id.* A criminal disposition form related to the misdemeanor charges indicates only that they were "covered" by the unrelated contraband charge. *Id.* at p. 2. There is no evidence in the record that Plaintiff pled guilty to either of those charges.[3] Plaintiff's assault allegations in no way call into question his conviction for possessing prison contraband and so *Heck* is not applicable. Summary judgment on this ground should be denied.

### 2. Merits

"The law is unclear as to whether or not an alleged parole violator should be treated as a convicted prisoner or a pretrial detainee." *Jenkins v. Medert*, 2018 WL 4328823, at *2 (N.D.N.Y. Sept. 11, 2018). The District Court's initial review order, and Defendants themselves, analyzed Plaintiff's excessive force claim assuming that Plaintiff would be considered a pretrial detainee, the more favorable standard to Plaintiff, and so the Court assumes this to be true for purposes of this Motion. Dkt. No. 7; Defs.' Mem. of Law at p. 3.

In *Kingsley v. Hendrickson*, the Supreme Court addressed the proper standard for evaluating excessive force claims brought under the Fourteenth Amendment by a pretrial detainee and concluded that "courts must use an objective standard" under which the plaintiff "must show only that the force purposely or knowingly used against him was

---

[3] It appears likely that he pled guilty to the contraband charge in full satisfaction of all charges as part of a plea bargain.

objectively unreasonable." 576 U.S. 389, 396-97 (2015). As a result "*Kingsley* provides the appropriate standard for all excessive force claims brought under the Fourteenth Amendment." *Edrei v. Maguire*, 892 F.3d 525, 537 (2d Cir. 2018).

The Court recognizes that "[e]xcessive force claims frequently involve factual disputes that make them difficult to resolve pursuant to summary judgment." *Savage v. Acquino*, 2018 WL 1478254, at *7 (W.D.N.Y. Mar. 23, 2018). And the parties do dispute the facts. Plaintiff claims he was struck multiple times by Defendant Wood. Pl.'s Dep. at pp. 28-29. Wood expressly denies the claim. Wood Aff. at ¶ 21. Ordinarily, on summary judgment, the Court adopts the evidence in the light most favorable to the nonmovant. *Donohue v. Hochul*, 32 F.4th 200, 206 (2d Cir. 2022). Here, however, the record before the Court includes a video which clearly depicts the incident in question. "[T]he court may rely on such video evidence to determine whether defendants are entitled to summary judgment." *Benitez v. Healy*, 2017 WL 9673721, at *5 (N.D.N.Y. June 7, 2017), *report and recommendation adopted*, 2018 WL 1444218 (N.D.N.Y. Mar. 22, 2018). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Plaintiff testified that Wood delivered three or four "rapid blows." Pl.'s Dep. at pp. 28 & 29. Plaintiff specifically testified that the blows were made with Woods' right

arm. *Id.* at p. 29. Defendant Woods' right arm is visible throughout the video of the alleged incident and it is clear that he does not deliver multiple punches to Plaintiff. Video 0:55-1:15. In fact, his arm does not appear to move at all, let alone in any sort of punching motion. *Id.* When Wood returns briefly to the van, his right arm is again visible and clearly does not punch Plaintiff. *Id.* As noted, Wood expressly denies the assault allegation. Wood Aff. at ¶ 21. Given his failure to oppose the Motion Plaintiff "has failed to address the video tape evidence" showing the lack of an assault. *Boomer v. Lanigan*, 2002 WL 31413804, at *6 (S.D.N.Y. Oct. 25, 2002). Under the circumstances presented by this record, summary judgment on the excessive force claim is recommended.

## B. Retaliation

Plaintiff also claims that Wood assaulted him in retaliation for grievances that Plaintiff had filed. *See* Dkt. No. 7 at p. 5.

"To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action.'" *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)). The plaintiff must establish that "the protected conduct was a substantial or motivating factor" behind the retaliatory action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The Second Circuit has warned that "courts must approach prisoner claims of retaliation with

skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). This is true because given the nature of a retaliation claim they are "easily fabricated" and as a result "virtually any adverse action taken against a prisoner by a prison official - even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d at 491.

As noted, Plaintiff alleges that Defendant assaulted him as a result of prior grievances filed by Plaintiff. *See* Pl.'s Dep. at p. 24. An inmate has a constitutional right to file a grievance. *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988). Accepting as true Plaintiff's allegations that Wood was speaking with him about grievances, the Court will presume that Plaintiff has established the first element of this claim.

"[A] physical assault need not rise to the level of an Eighth Amendment excessive force violation in order to be considered an adverse action for purposes of a First Amendment retaliation analysis." *Zielinski v. Annucci*, 547 F. Supp. 3d 227, 233 (N.D.N.Y. 2021) (internal quotation and citation omitted). Here, however, as discussed above, the record establishes that no assault took place. Plaintiff has not alleged any other adverse action and cannot, therefore, establish a claim for retaliation.

The Court, therefore, recommends that this claim be dismissed.

### C. Failure to Intervene

Finally, there are claims against Defendants Blake and Siegle for failure to intervene during the alleged assault of Plaintiff by Defendant Wood. Dkt. No. 7 at pp. 5-6.

Given that Plaintiff has failed to raise a triable issue of fact with respect to his claim against Defendant Wood, the failure to intervene claim should also be dismissed. Such a claim "is contingent upon the disposition of the primary claims underlying the failure to intervene claim." *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443-44 (E.D.N.Y. 2012). Given the recommendation that Plaintiff's primary claim be dismissed "no predicate constitutional violation remains to support a failure-to-intervene claim." *Grinols v. Beers*, 532 F. Supp. 3d 95, 108-09 (W.D.N.Y. 2021).

Summary judgment would also be appropriate if considered on the merits. "Prison officials . . . must 'take reasonable measures to guarantee the safety of the inmates.'" *Justice v. Hulihan*, 2013 WL 5506326, at *2 (N.D.N.Y. Oct. 4, 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A failure to intervene claim requires that Plaintiff prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps

to intervene." *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

Defendant Siegle was in the front, driver seat of the transport van when the assault allegedly took place. Pl.'s Dep. at p. 27; Siegle Aff. at ¶ 7. Plaintiff's own testimony is that the alleged punches came in rapid succession. Pl.'s Dep. at pp. 28-29. The record also establishes that Siegle and Plaintiff were separated in the van by a wire and plexiglass partition. *Id.* at p. 29; Siegle Aff. at ¶ 13. A party can be liable for failing to intervene only when he had a reasonable opportunity under the circumstances to do so. *Lewis v. Mollette*, 752 F. Supp. 2d 233, 244 (N.D.N.Y. 2010). The duration of the alleged conduct is one relevant factor in assessing the reasonableness of the opportunity to intervene. *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 296 (N.D.N.Y. 2018). Here, three or four rapid blows were "not an episode of sufficient duration to support a conclusion that an officer who stood by without trying to assist the victim became a tacit collaborator." *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988). Nor is there any evidence that given the configuration of the transport van that Siegle could have acted to intervene in any event.

Nor can Plaintiff establish that Defendant Blake was aware of the alleged assault. Plaintiff and Blake agree that after Plaintiff was placed in the van, Blake proceeded to the weapons station to retrieve a firearm for the transport. Pl.'s Dep. at p. 26; Blake Aff. at ¶ 6. Blake cannot be seen in the video when Wood is alone with Plaintiff.

Video at 00:55-1:20.  Plaintiff testified at his deposition that he said nothing when being struck by Wood, Pl.'s Dep. at p. 28, so Blake could not have been alerted to a problem by calls for help from Plaintiff.  Wood is seen leaving the area before Blake returns to the van and so there is simply no evidence to suggest that Blake witnessed the assault alleged by Plaintiff.

Therefore, the Court recommends that summary judgment be granted on the failure to intervene claim.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 19) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:   November 21, 2023
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge